IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MONICA MEEKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:25-cv-01431 |
| | ) | |
| CARTER LAWRENCE, in his individual and official capacities as Commissioner of Tennessee Department of Commerce and Insurance | ) ) ) | Judge Aleta A. Trauger |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO STAY DISCOVERY

INTRODUCTION

The Court can conserve "time and effort for itself, . . . counsel, and . . . litigants" by staying discovery while the Commissioner has a motion pending that would fully dispose of this case. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). As explained in that motion to dismiss, Plaintiff's First Amendment theory fails on the merits because she cannot show that her interest in labeling many Tennesseans racists outweighs the Commissioner's interest in operating effectively for all the State's citizens. Dkt. 21, at 14-22. If the Commissioner is right, "no amount of discovery" can change that. *Bouldrey v. Mich. Dep't of Corr.*, No. 19-1239, 2019 WL 8219512, at *3 (6th Cir. Sept. 4, 2019). Plus, the Commissioner enjoys qualified immunity against the individual-capacity claim because Plaintiff cannot point the Court to a highly similar case that would have made it clear to the Commissioner that her speech was protected. Dkt. 21, at 22-26.

1

So discovery may not proceed against him individually until his immunity is resolved. *Id*. It would thus serve the parties' interests and conserve judicial resources to postpone "discovery until preliminary questions that may dispose of [this] case [have been] determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis*, 299 U.S. at 254–55).

## BACKGROUND

Plaintiff, Monica Meeks, baselessly accused those who expressed support for Charlie Kirk after he was gruesomely murdered in public. Dkt. 1, ¶ 38. Specifically, when an individual, who was apparently Plaintiff's Facebook friend, eulogized Mr. Kirk and expressed hope that his legacy would live on, Plaintiff publicly accused that individual of "tap danc[ing] for White Supremacist[s]," casting the views of Mr. Kirk and all those who share them as contemptable and racist. *Id.* at ¶¶ 38-39. After Plaintiff's employer—the Tennessee Department of Commerce and Insurance ("the Department")—determined that her accusations, which targeted many Tennesseans who share Mr. Kirk's views and beliefs, would inevitably disrupt and impair the Department's and Plaintiff's work, it terminated her employment. Dkt. 21, at 20.

She now claims the First Amendment tied the Department's hands, suing the Department's Commissioner, Carter Lawrence, in his individual and official capacities, and seeking reinstatement, a declaration, and compensatory and punitive damages. But Plaintiff's First Amendment retaliation claim falls short, and regardless, the Commissioner is entitled to qualified immunity. The Commissioner has therefore moved to dismiss the Complaint on these grounds. *See* Dkt. 21.

That motion will not be fully briefed for another month. There is no case management order, and the parties have not started discovery. Dkt. 6, at 1 ("[D]iscovery is stayed until the initial case management conference."). At this early stage, before launching this case into

discovery, the Court should resolve the Commissioner's challenge to the legal sufficiency of Plaintiff's complaint.

## ARGUMENT

The Court should stay discovery because (1) the Commissioner's pending motion to dismiss would fully dispose of Plaintiff's claims, (2) his assertion of qualified immunity in that motion protects him from discovery in his individual capacity and supports a stay of all discovery, and (3) the needs of this case can be most efficiently addressed by first resolving the pending motion.

**1.** "[T]here is no general right to discovery upon filing of" a federal lawsuit. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). On the contrary, both the Supreme Court and Sixth Circuit have stressed that "[d]iscovery imposes costs . . . on defendants[,] . . . courts[,] and society." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013); *see Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *accord Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367–68 (11th Cir. 1997). And the federal pleading rules seek to minimize those costs by "prevent[ing] plaintiffs from launching a case into discovery," *Flagstar*, 727 F.3d at 504, before establishing "a reasonable expectation that [it] will reveal evidence of illegal [conduct]." *Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Thus, although discovery does not automatically pause with the filing of every dispositive motion, *see* LR 16.01(g), a court should resolve "motion[s] to dismiss based on failure to state a claim . . . before discovery begins." *Chudasama*, 123 F.3d at 1367; *accord Flagstar*, 727 F.3d at 504; *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003)

3

(citing *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)); *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010). Indeed, it "defies common sense" to start discovery while a comprehensive motion to dismiss is pending. *Mann*, 375 F. App'x at 239 (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)); *see Chudasama*, 123 F.3d at 1367–68. The very purpose of a motion to dismiss "is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Yuhasz*, 341 F.3d at 566 (quoting *Rutman*, 829 F.2d at 738). Discovery should thus only "*follow* the filing of a well-pleaded complaint." *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981).

**2.** Moreover, the Commissioner has invoked qualified immunity. That is more than "a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "The entitlement is an immunity from suit. . . ." *Id.* (emphasis in original). Accordingly, immunity should be decided at the earliest opportunity, and—in order to protect public officials from "unnecessary and burdensome discovery"—a district court "should resolve that threshold question before permitting discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (emphasis added). *See also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). So once "properly raised prior to discovery, the district court has" not just the option but the "duty to address" immunity. *Summers v. Leis*, 368 F.3d 881, 886 (6th Cir. 2004). The Commissioner is "entitled" to his "immunity *prior to the onset of discovery*." *Vaughn v. U.S. Small Bus. Admin.*, 65 F.3d 1322, 1325 (6th Cir. 1995) (emphasis added).

That's true even though Plaintiff also seeks reinstatement in her official-capacity claim. Choosing between monitoring and intervening in the progress of official-capacity discovery, thereby forsaking his immunity, and "potentially prejudicing [himself] by ignoring discovery" "is

4

not a choice that [the Commissioner] should have to make." *Lunsford v. Davidson Cnty. Sheriff's Office*, No. 3:19-cv-00079, 2019 WL 6037003, at *3 (M.D. Tenn. Nov. 14, 2019); *Jones v. Metro. Gov't. of Nashville and Davidson Cnty.*, No. 3:21-cv-112, 2021 WL 6499976, at *2 (M.D. Tenn. July 6, 2021). "It is no answer" to proceed with official-capacity discovery while deferring individual-capacity discovery when "it would prove necessary for [the Commissioner] to participate" in both, doubling "the substantial diversion" of litigation from his duties. *Ashcroft*, 556 U.S. at 685.

**3.** Finally, an early ruling on the merits can "streamline litigation" and "dispens[e] with needless . . . factfinding." *Neitzke v. Williams*, 490 U.S. 319, 319 (1989). It is appropriate and efficient to postpone discovery until the court determines that the complaint states a viable claim and legal issues will not render discovery "futile." *Mann*, 375 F. App'x at 239; accord *Gettings*, 349 F.3d at 304 (citing *Muzquiz*, 70 F.3d at 430).

In this case, nothing could "further[] the ends of economy and efficiency" better than settling the material legal issues before discovery begins. *Lani v. Schiller Kessler & Gomez, PLLC*, No. 3:16-cv-819, 2017 WL 3092098, at *2 (W.D. Ky. Apr. 4, 2017); *see Rao v. JPMorgan Chase Bank, N.A.*, No. 21 C 1361, 2021 WL 4927415, at *1 (N.D. Ill. May 12, 2021); *cf. Grudzinski v. Staren*, 87 F. App'x 508, 511 (6th Cir. 2004) (affirming discovery stay "[b]ecause the district court did not need additional facts to decide the dispositive legal issues"). The Commissioner has identified uncurable legal flaws in Plaintiff's case, which "could . . . significantly reduce" or even "eliminate . . . the need for discovery." *Mutschler v. Tritt*, No. 3:14-cv-1611, 2015 WL 4394018, at *5 (M.D. Pa. July 16, 2015); *see* Dkt. 21, at 22-26 (qualified immunity); *id.* at 14-22 (Plaintiff's conduct is not protected). And the weight of authority from this circuit and others indicates that the Commissioner is right. *Id*. Plaintiff thus cannot justify the burdens of discovery while these

5

"substantial grounds for dismissal" remain unaddressed. *Fouad v. Milton Hershey Sch. & Sch. Tr.*, No. 1:19-cv-253, 2020 WL 8225445, at *4 (M.D. Pa. Feb. 6, 2020). That is why federal courts in this Circuit and elsewhere have held off discovery under materially similar circumstances. *See, e.g.*, *Bouldrey*, 2019 WL 8219512, at *3; *Lani*, 2017 WL 3092098, at *2.

In fact, courts have rejected even "modest discovery" requests as "running counter to the dictates" of binding authority. *Spirit Airlines, Inc. v. Ass'n of Flight Attendants-CWA, AFL-CIO*, No. 14-10715, 2014 WL 12650854, at *1 (E.D. Mich. July 2, 2014); *see also New Albany Tractor*, 650 F.3d at 1051 (explaining changes to case management compelled by *Twombly* and *Iqbal*); *Olivares v. Performance Contracting Grp.*, No. 19-2357, 2020 WL 6829552, at *3 (6th Cir. July 14, 2020) (same); *Spencer v. Wetzel*, No. 3:12-cv-616, 2012 WL 2930228, at *2 (M.D. Pa. July 18, 2012) (same). And courts have recognized that "the best use of judicial resources" is to conduct discovery only after "viable claims" have been identified. *Jenkins v. Medtronic, Inc.*, No. 2:13-cv-2004, 2014 WL 10384962, at *3 (W.D. Tenn. June 30, 2014); *see also Alfa Corp. v. Alpha Warranty Svcs., Inc.*, No. 2:20-cv-553, 2021 WL 1083440, at *1 (N.D. Ala. March 19, 2021) (staying discovery because the motion to dismiss was "not wholly frivolous"). Even if a motion to dismiss is only "granted in part," it can still "narrow[]" the "scope of discovery" and "streamline[]" the "discovery process." *Bridges v. Astrue*, No. 12-cv-2316, 2013 WL 12158126, at *1 n.2 (E.D. Pa. Aug. 21, 2013); *see Jackson v. JPay Corp.*, No. 19-20341, 2019 WL 11505294, at *1 (S.D. Fla. Oct. 22, 2019). Thus, there is no good reason at present for commencing discovery in this case.

The need to streamline the parties' dispute is especially important here, given that much of the costs imposed by discovery in this case will fall on Tennessee's public servants, public fisc, and public welfare. Indeed, if the Court commences discovery while the motion to dismiss is

pending, it will "exact[] heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to" the Commissioner's other important priorities and responsibilities with the Department. *Ashcroft*, 556 U.S. at 685. The Commissioner and the Department are "devote[d]" to carrying out the work delegated to them by the people of Tennessee. *Id.* And it would be "counterproductive to . . . diver[t]" their attention "to participating in litigation and making informed decisions as to how it should proceed" if Plaintiff's claims in this case are incurably flawed. *Id.* A stay of discovery is therefore appropriate.

## CONCLUSION

This Court should exercise its broad discretion and stay discovery until it has ruled on the pending Motion to Dismiss.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

*s/ Jessica S. Berk*
JESSICA S. BERK, BPR #043649
Assistant Attorney General
Constitutional Defense Division

GARY R. DUNN
Acting Assistant Attorney General
New York Registration No. 5676317
Constitutional Defense Division

ZACHARY L. BARKER, BPR #035933
Senior Assistant Attorney General
Constitutional Defense Division

Office of the Tennessee
Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 532-7400
Jessica.Berk@ag.tn.gov
Gary.Dunn@ag.tn.gov
Zachary.Barker@ag.tn.gov

*Counsel for Defendant Commissioner Lawrence in his official and individual capacities*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 4th day of March, 2026, I caused a true and correct copy of the foregoing document to be served via the Court's electronic filing system to all counsel of record.

Melody Fowler-Green
N. Chase Teeples
Yezbak Law Offices PLLC
P.O. Box 159033
Nashville, TN 37215-9937
Phone: 615-250-2000
Fax: 615-250-2020
mel@yezbaklaw.com
teeples@yezbaklaw.com

James C. Grant
Davis Wright Tremaine LLP
920 5th Ave., Suite 300
Seattle, WA 98104
Phone: 206-757-8096
Fax: 206-757-7096
jimgrant@dwt.com

*Counsel for Plaintiff*

Cary H. Davis
Greg H. Greubel
Foundation for Individual Rights and Expression
P.O. Box 40128
Philadelphia, PA 19106
Phone: 215-717-3473
cary.davis@fire.org
greg.greubel@fire.org

David H. Rubin
Foundation for Individual Rights and Expression
700 Pennsylvania Ave. SE Suite 340
Washington, DC 20003
Phone: 215-717-3473
david.rubin@fire.org

*Counsel for Plaintiff*

                                       *s/ Jessica S. Berk*
                                       JESSICA S. BERK