# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

MONICA MEEKS, )
)
    *Plaintiff*, )
)
v. )
)    Civil Action No. 3:25-cv-01431
)    Judge Aleta A. Trauger
CARTER LAWRENCE, in his individual and )
official capacities as Commissioner of Tennes- )
see Department of Commerce and Insurance )
)
    *Defendant*. )

---

## DEFENDANT'S UNOPPOSED MOTION AND MEMORANUM IN SUPPORT TO FILE LATE REPLY

---

Pursuant to Fed. R. Civ. P. 6(b) and LR 6.01(a), Defendant, Carter Lawerence, in his individual and official capacity as Commissioner of Tennessee Department of Commerce and Insurance, moves for leave to late-file his reply in support of Defendant's Motion to Dismiss ("Reply"). In seeking leave to late-file his Reply, Defendant has acted in good faith, the impact of the late-filed Reply in these proceedings is minimal, and Plaintiff would suffer no prejudice should the Court grant Defendant leave. Therefore, the Court should grant Defendant's motion for leave to late-file.

### PROCEDURAL BACKGROUND

Defendant filed his Motion to Dismiss on February 23, 2026. Dkt. 21. Plaintiff then conferred with Defendant and requested a one-week extension to file her response, which Defendant agreed to. In reaching this agreement, Defendant's mistaken understanding was that Plaintiff also agreed to a one-week extension for Defendant's reply.

On March 30, 2026, Defendant filed his Reply, based upon his counsel's understood extension with Plaintiff's counsel. However, Plaintiff's counsel contacted Defendant on the same day and stated

1

that they did not believe they had agreed to a one-week extension on Defendant's Reply. In that same conversation, Plaintiff's counsel also stated that they would have agreed to an extension had they understood Defendant's counsel to have asked for one.

Based upon Defendant's excusable misunderstanding, and Plaintiff's concession that they would not have opposed an extension at the time, Defendant submits the instant Motion.

## ARGUMENT

### The Court Should Grant Defendant Leave to Late-File His Reply in Support of His Motion to Dismiss

Good cause exists to allow Defendant leave to late-file his Reply. Defendant's oversight resulted in only a one-week delay, and his neglect is excusable. Defendant has actively litigated this matter and acted in good faith in seeking to promptly correct the oversight regarding the deadline. Moreover, allowing Defendant to file his Reply now would have little, if any, impact on the proceedings before the Court. And Plaintiff would suffer no prejudice.

Rule 6(b) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the [district] court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); see also LR 6.01(a). The "excusable neglect" standard under Rule 6(b) "is a somewhat elastic concept" that "is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Burnswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392 (1993) (internal quotations omitted). In determining whether excusable neglect exists, a court considers: the danger of prejudice to the nonmoving party; the length of the delay and its potential impact on judicial proceedings; the reasons for the delay; whether the delay was within the moving party's control; and whether the moving party acted in good faith. *Nafziger v. McDermott Int'l, Inc.,* 467 F.3d 514, 522 (6th Cir. 2006). This "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.,* 507 U.S. at 395. In addition to the *Nafziger* factors, courts

2

consider whether a defendant has a "facially meritorious defense" that could defeat a plaintiff's request for a default judgment. *See Mann v. Mohr*, 802 F. App'x 871, 877 (6th Cir. 2020); *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 430 (6th Cir. 2006). Whether to grant a party's request for leave to late-file a pleading is entrusted to the district court's discretion. *See Morgan*, 165 F. App'x at 428.

Here, the equities favor granting Defendant's leave to late-file the Reply. First, Plaintiff will suffer no prejudice from this late filing, especially since she *also* requested—and was granted—a one-week extension to file her Response. Second, Defendant's reasons for the delay are also not due to mere inadvertence. *Cf. Pioneer Inv. Servs. Co.*, 507 U.S. at 392 (noting that inadvertence "do[es] not usually constitute 'excusable' neglect"). Rather, Defendant sought to engage in a good-faith discussion regarding an extension at Plaintiff's request and intended to also request an extension for himself. Third, Defendant has acted swiftly and in good faith to correct his mistake by filing the instant motion less than one day after getting notice from Plaintiff's counsel concerning the mistake.

Finally, the delay from both parties' requests for extensions has not caused any impact on the proceedings before this Court. Even with both parties' one-week extensions, "[t]he parties have thoroughly litigated this case in good faith" with "virtually no delay in [its] progression." *See Mosholder*, 2020 WL 1171549, at *2 (granting the defendant leave to late-file its answer to the complaint after it "was due almost one year ago"); *see also Morgan*, 165 F. App'x at 428–30 (affirming the district court's determination that excusable neglect existed to allow a defendant to file "almost eight months after [the pleading] was due").

**CONCLUSION**

For these reasons, Defendant respectfully requests that this Court grant Defendant's motion

for leave to late-file his reply in support of Defendant's Motion to Dismiss.

Date: March 31, 2026                                      Respectfully submitted,


                                                          /s/ Jessica S. Berk
                                                          JESSICA S. BERK, BPR# 043649
                                                            Assistant Attorney General
                                                          GARY DUNN, NY 5676317
                                                            Acting Assistant Attorney General
                                                          ZACHARY L. BARKER, BPR# 035933
                                                            Senior Assistant Attorney General
                                                          Constitutional Defense Division
                                                          Office of the Tennessee Attorney General
                                                          P.O. Box 20207
                                                          Nashville, Tennessee 37202
                                                          (615) 741-8726
                                                          Jessica.Berk@ag.tn.gov
                                                          Gary.Dunn@ag.tn.gov
                                                          Zachary.Barker@ag.tn.gov

                                                          *Counsel for Defendant Commissioner Lawrence in his*
                                                            *official and individual capacities*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served via the Court's electronic filing system on this 31st day of March, 2026 to all counsel of record.

Melody Fowler-Green
N. Chase Teeples
Yezbak Law Offices PLLC
P.O. Box 159033
Nashville, TN 37215-9937
Phone: 615-250-2000
Fax: 615-250-2020
mel@yezbaklaw.com
teeples@yezbaklaw.com

James C. Grant
Davis Wright Tremaine LLP
920 5th Ave., Suite 300
Seattle, WA 98104
Phone: 206-757-8096
Fax: 206-757-7096
jimgrant@dwt.com

*Counsel for Plaintiff*

Cary H. Davis
Greg H. Greubel
Foundation for Individual Rights and Expression
P.O. Box 40128
Philadelphia, PA 19106
Phone: 215-717-3473
cary.davis@fire.org
greg.greubel@fire.org

David H. Rubin
Foundation for Individual Rights and Expression
700 Pennsylvania Ave. SE Suite 340
Washington, DC 20003
Phone: 215-717-3473
david.rubin@fire.org

*Counsel for Plaintiff*

/s/ Jessica S. Berk
JESSICA S. BERK
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
Jessica.Berk@ag.tn.gov

*Counsel for Defendant Commissioner Lawrence in his official and individual capacities*

5